■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PAUL G. WICKS, Appellant.—Kane, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered February 25, 1987, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, burglary in the second degree (three counts) and sexual abuse in the third degree.

Defendant was identified as an intruder in the women's dormitories at the State University of New York Technical Institute at Cobleskill (hereinafter SUNY) in Schoharie County. Although considerably older than the average student, defendant had matriculated to SUNY and was known by some of the members of the student body. The incidents resulting in the charges upon which defendant stands convicted occurred between 5:35 A.M. and 6:20 A.M. on October 3, 1986, when defendant unlawfully entered four dormitory rooms occupied by women students, touched them, fondled them, and in one instance attempted a rape. He was identified later that same morning from a series of student photographs at the office of campus security, arrested that afternoon and arraigned at the local criminal court.

A preliminary hearing was held on October 9, 1986 for which defendant had requested counsel, but none had been appointed for him at the time of the hearing. The hearing proceeded in the absence of counsel for defendant, two witnesses testified on behalf of the prosecution, and defendant was held for action by the Grand Jury without being able to present witnesses. He was thereafter indicted, tried and convicted of all counts in the indictment which were submitted to the jury. At the trial, defendant testified in his own defense, stating that he was an alcoholic, had consumed some four gallons of beer and liquor prior to the commission of the acts charged, and that he had no recollection of what had happened during the times in question.

A defendant has a right to counsel at a preliminary hearing (CPL 180.10 [3]). However, the absence of counsel at the preliminary hearing in this case is raised as an issue for the first time on appeal. It is raised by defendant in his *pro se* brief and thereafter argued by his assigned appellate counsel. We disagree with defendant's contention that the absence of counsel at his preliminary hearing requires a reversal of his convictions and a new trial in compliance with *People v Hodge* (53 NY2d 313). We do not read *People v Hodge (supra)* as creating a per se rule requiring reversal of a conviction and a new trial in every case for failure to provide counsel to a defendant at a preliminary hearing. The very language of

*Hodge* is to the contrary, for when the Court of Appeals discussed the counsel issue, citing *Coleman v Alabama* (399 US 1, 10-11), it stated that the "denial [of counsel] at a preliminary hearing may very well be subject to harmless error analysis" *(People v Hodge, supra,* at 320).

Such is the case in the matter at hand. Here, the evidence of guilt was overwhelming, the identity of defendant was established beyond peradventure, and his defense of intoxication, as well as the testimony of his good character, was rejected by the jury. In our view, this record demonstrates that the lack of counsel at his preliminary hearing resulted in no prejudice to defendant and that there is no reasonable possibility that the error might have contributed to his conviction; thus, the error was harmless "beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237).

We also reject defendant's contention that he was denied a fair trial as a result of the cross-examination of defendant's character witness. Although it was improper for the District Attorney to inquire as to the witness's knowledge of specific bad acts of defendant *(see, People v Lediard,* 80 AD2d 237), the line of questions leading to this inquiry was precipitated by the improper direct testimony of the character witness. Moreover, the questions were asked without objection and with a good-faith basis *(see, People v Kuss,* 32 NY2d 436, *cert denied* 415 US 913).

Other issues raised by defendant are also found to be insufficient to warrant a reversal of his conviction. Additionally, in view of defendant's prior criminal record, the concurrent prison sentences imposed based on his being a second felony offender, namely, 5 to 10 years for the attempted rape conviction, 3 to 6 years for each of the burglary convictions and 90 days for the sexual abuse conviction, are neither harsh nor excessive.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.